## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| C.J. HESSE, INC., ATLANTIC PIER CO., INC. | : | CIVIL ACTION – LAW |
| Plaintiffs | : | |
| | : | NO.: |
| v. | : | |
| | : | |
| AMERICAN FAMILY HOME INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | |
| | : | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant American Family Home Insurance Company ("AFHIC"), by and through its counsel, Stewart | Smith, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b), (c)(2) to remove this action from the Superior Court of New Jersey, Monmouth County, Law Division, Case No. MON-L-004339-24 (the "State Action"), where it is now pending, to the United States District Court for the District of New Jersey. In support thereof, Defendant avers as follows:

1. On December 26, 2024, Plaintiff initiated the State Action by filing a Complaint, a true and correct copy of which is attached hereto as Exhibit "A".

2. As of the date of this Notice of Removal, AFHIC has not received formal service of process of the Summons and Complaint in the State Action.

3. Plaintiffs filed an Affidavit of Service in the State Action attesting that service of the Summons and Complaint were made on AFHIC by hand delivery to a security officer at the location of 555 College Road East, Princeton, NJ 08540. *See* a true and correct copy of the

Affidavit attached hereto as Exhibit "B".[1] However, hand delivery to a security officer at this location is not proper service on AFHIC.

4. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

5. Removal of the State Court Action to this Court is timely pursuant to 28 U.S.C. § 1446(b)(1).

6. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Monmouth County, is within the jurisdiction of the United States District Court for the District of New Jersey.

7. Also, as set forth below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Based on information and belief, Plaintiff C.J. Hesse, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Atlantic Highlands, New Jersey.

9. Based on information and belief, Plaintiff Atlantic Pier Co, Inc. is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Atlantic Highlands, New Jersey

---

[1] Exhibits "A" comprising of the Summons, Complaint, Civil Cover Sheet, and Track Assignment in the State Action and Exhibit "B" to this Notice of Removal are the only documents that appear on the State Action's docket.

10. Defendant AFHIC is incorporated in Florida, and its principal place of business is located in Ohio.

11. As Plaintiffs are citizens of the State of New Jersey and Defendant is a citizen of the State of Florida and the State of Ohio, the parties are diverse pursuant to 28 U.S.C. § 1332(a)(1), and, as set forth below, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. In this action, Plaintiffs seek a declaration as to AFHIC's duties and obligations owed to Plaintiffs under an automobile insurance policy (no. 88A5CA0000840-00) issued by AFHIC to Plaintiffs providing coverage for losses arising out of personal injury or property damage caused by the negligence of "any auto." *See* Ex. "A", ¶ 3.

13. Specifically, Plaintiffs seek a declaration that AFHIC has an obligation to defend and indemnify Plaintiffs in six (6) underlying lawsuits arising from accidents involving garbage trucks, which took place at a landfill located at 2498 Route 70, Manchester, New Jersey between September 23, 2021 and February 7, 2023. *See* Ex. "A", ¶¶ 1-6.

14. Four of the underlying lawsuits involve subrogation claims for property damage, and the other two lawsuits are for personal injury claims. *See* Ex. "A", ¶ 6.

15. Plaintiffs assert that they have incurred, and will continue to incur, certain defense expenses in connection with the underlying lawsuits. *See* Ex. "A", ¶ 10.

16. Plaintiffs' claims asserted in the Complaint include breach of contract, breach of the covenant of good faith and fair dealing, a request for declaratory judgment as to AFHIC's duty to defend Plaintiffs, and a bad faith claim for the unreasonable denial of coverage.

17. Regarding their request for declaratory judgment, Plaintiffs seek a declaration that that AFHIC is liable for all costs, damages, and expenses in connection with the underlying

lawsuits pending against Plaintiffs, along with a declaration that Plaintiffs are entitled to compensatory and punitive damages.

18. Plaintiffs do not specify the amount of their damages in the Complaint.

19. Pursuant to 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy, and removal of the action shall be deemed proper, if the amount in controversy stated herein is found by a "preponderance of the evidence" to exceed the amount specified in 28 U.S.C. § 1332(a), *i.e.*, $75,000, exclusive of interest and costs. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3rd Cir. 2016).

20. "Although declaratory judgment actions do not directly involve the award of monetary damages, 'it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation.'" *Id.* at 397-98 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *see also*, *Certain Underwriters at Lloyd's, London v. Good Night Nursing Agency, LLC*, No. CV2107666MASLHG, 2022 WL 1137302, at *3 (D.N.J. Apr. 18, 2022) ("For insurance contract actions, district courts look to the value of the insurance policy and the damages alleged in the underlying action[s] to determine whether it exceeds $75,000."); *Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F.Supp.2d 626, 628-29 (E.D. Pa. 2004) (where complaint against insurer seeks declaration as to duty to defend, the amount in controversy requirement "can be satisfied by looking to the underlying suit").

21. Where the complaint is "open-ended" and does not allege a specified amount, the Court must perform its "own independent appraisal of the value of the claim" and may consider a defendant's notice of removal as evidence. *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557 (D.N.J. 2000); *see also*, *Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006) ("Because 'the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the

4

amount in controversy,' '[a] defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court.'")

22. The court should conduct "[a] reasonable reading of the value of the rights being litigated" and not focus on "the low end of an open-ended claim." *Penn*, 116 F. Supp. 2d at 146 (citations omitted).

23. The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "do[es] not need to prove to a legal certainty that the amount in controversy has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

24. As alleged in the State Action, Plaintiffs seek a declaration of rights arising under an automobile liability insurance policy issued by AFHIC with respect to the six (6) underlying lawsuits.

25. The details about the nature of the injuries in the personal injury matters are not available on the cases respective dockets; however, Plaintiffs' Complaint alleges that all six (6) of the lawsuits are proceeding in the Law Division of the Superior Court of New Jersey. None of the matters are pending in the Special Civil Part where the amount in controversy is capped at $20,000.00. *See* New Jersey Court Rule 6:1-2(a)(1).

26. Accordingly, there is a plausible allegation that the potential exposure for the indemnification of the claims of the six lawsuits collectively is, at a minimum, $120,000.00, which exceeds the amount in controversy requirement to invoke this Court's jurisdiction.

27. Additionally, one of the underlying cases for which Plaintiffs seek coverage from AFHIC in this action involves a subrogation claim for recovery for property damage to a vehicle owned by Stafford Township and operated by its employee Michael Smith in connection with an

incident occurring on February 7, 2023. A review of the complaint in that action, which was brought under case number OCN-L-1209-24[2] in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $65,966.42. *See* Ex. "A", at ¶ 6.

28. Another of the underlying cases for which Plaintiffs seek coverage from AFHIC in this action involves a subrogation claim for recovery for property damage to a vehicle owned by Stafford Township and operated by its employee Ken Widmer in connection with an incident occurring on July 6, 2022. A review of the complaint in that action, which was brought under case number OCN-L-1546-24 in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $65,376.43. *See* Ex. "A", at ¶ 6.

29. Another of the underlying cases for which Plaintiffs seek coverage from AFHIC in this action involves a subrogation claim for recovery for property damage to a vehicle owned by Brick Township and operated by its employee William Barnshaw in connection with an incident occurring on October 1, 2021. A review of the complaint in that action, which was brought under case number OCN-L-1266-23 in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $77,751.67. *See* Ex. "A", at ¶ 6.

30. Another of the underlying cases for which Plaintiffs seek coverage from AFHIC in this action involves a subrogation claim for recovery for property damage to a vehicle owned by Brick Township and operated by its employee Gerald Alton in connection with an incident occurring on September 23, 2021. A review of the complaint in that action, which was brought

---

[2] In the Complaint, Plaintiffs incorrectly identify the docket number as OCN-L-1209-23.

under case number OCN-L-2717-24[3] in the Superior Court of New Jersey, Law Division, Ocean County, indicates that the case involves alleged damages in the amount of $71,800.00. *See* Ex. "A", at ¶ 6.

31. Therefore, AFHIC faces potential exposure for indemnification of Plaintiffs, separate and apart from any obligation as to Plaintiffs' defense costs, in these four (4) cases alone of more than $280,000.00, which is in excess of the $75,000 amount in controversy jurisdictional requirement.

32. Further, in insurance declaratory judgment actions, the costs of defense in connection with defending the underlying action(s) are "properly included in determining the amount in controversy". *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016).

33. Accordingly, given the potential total value of the six (6) underlying lawsuits, the defense costs associated with defending such actions, and Plaintiffs' claims seeking both compensatory and punitive damages, there is, at a minimum, a plausible allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

34. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a), 1441(b), and 1446(b), 1446(c)(2) have been satisfied and the matter is properly removable.

35. Written notice of the filing of this Notice of Removal will be served upon Plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(d).

---

[3] Plaintiffs incorrectly identify the docket number of this matter as OCN-L-1266-23, which is the docket number for the claim for recovery for property damage to a vehicle owned by the Township of Brick and operated by its employee, William Barnshaw, as noted in the preceding paragraph of this Notice of Removal.

36. Additionally, a copy of this Notice of Removal is being served upon counsel for Plaintiffs and is being filed contemporaneously with the Deputy Clerk of the Superior Court, Superior Court of the State of New Jersey, Law Division, Monmouth County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant American Family Home Insurance Company respectfully requests that the State Action be removed from the Superior Court of New Jersey, Monmouth County, to the United States District Court for the District of New Jersey.

Dated: February 7, 2025     **STEWART | SMITH**

*/s/Nancy E. Zangrilli*
Michael J. Smith, Esquire (#030621993)
MSmith@StewartSmithLaw.com
Nancy E. Zangrilli, Esquire (#008902005)
NZangrilli@StewartSmithLaw.com
76 E. Euclid Ave., Ste. 101
Haddonfield, NJ 08033
P: (856) 772-7500
F: (484) 534-9470
*Attorneys for Defendant*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I, Nancy E. Zangrilli, Esq., of full age, hereby certify in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for the state court action being removed to this Court.  I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 7, 2025               **STEWART | SMITH**

*/s/Nancy E. Zangrilli*
Michael J. Smith, Esquire (#030621993)
MSmith@StewartSmithLaw.com
Nancy E. Zangrilli, Esquire (#008902005)
NZangrilli@StewartSmithLaw.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I, Nancy E. Zangrilli, Esquire, hereby certify that on the 7th day of February, 2025, I caused a true and correct copy of Defendant's Notice of Removal to be served via email upon the following:

ROBERT E. LEVY, ESQ. (011501976)
**SCARINCI HOLLENBECK, LLC**
150 Clove Road, 9th Floor
Little Falls, New Jersey 07424
Telephone: (201) 896-4100
Facsimile: (201) 896-8660
Email: rlevy@sh-law.com
*Attorneys for Plaintiffs, C.J. Hesse, Inc. and Atlantic Pier Co., Inc.*

Dated:  February 7, 2025                                       **STEWART | SMITH**

                                                                      */s/Nancy E. Zangrilli*
                                                                      Michael J. Smith, Esquire (#030621993)
                                                                      MSmith@StewartSmithLaw.com
                                                                      Nancy E. Zangrilli, Esquire (#008902005)
                                                                      NZangrilli@StewartSmithLaw.com

                                                                     *Attorneys for Defendant*